**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| GABRIEL PAUL SALAS,   § | |
|     PETITIONER,   § | |
| § | |
| v.   § | Civil Action No. 4:09-CV-399-A |
| § | |
| DEE ANDERSON, SHERIFF,   § | |
| TARRANT COUNTY, TEXAS,   § | |
|     RESPONDENT.   § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Gabriel Paul Salas was a state prisoner who was incarcerated in the Tarrant County jail at the time of the filing of this petition. Salas is no longer confined.

Respondent Dee Anderson is the Sheriff of Tarrant County, Texas.

**C.   PROCEDURAL HISTORY**

On June 5, 2009, pursuant to a plea agreement, Salas pled guilty to burglary of a habitation and was placed on six years' deferred adjudication community supervision and ordered to pay a

$600 filing fee and other costs in Tarrant County, Texas. (Resp't Motion to Dismiss, Exhibit A) On June 8, 2009, the trial judge ordered that Salas serve 60 days in jail as a condition of his community supervision (*Id.*) Salas was released on July 29, 2009, and is currently residing at 416 E. Fogg Street, Fort Worth, Texas.

**D.   DISCUSSION**

In his petition, Salas seeks immediate release from confinement. He asserts he was placed on community supervision *as an alternative to incarceration*, however three days after the plea proceeding, he was inexplicably ordered to be incarcerated for up to sixty days as a condition of his community supervision. (Petition, Ground One) As such, he claims his guilty plea was rendered involuntary, his plea was coerced by his trial counsel, he received ineffective assistance of trial counsel, and the trial court and his trial counsel, who are both African American, plotted against him because he is Mexican. (*Id.,* Grounds Two-Four)

To the extent Salas claims he is illegally confined in the Tarrant County jail as a condition of community supervision, the claim is now moot in that he has in fact been released from confinement. Because this court can no longer provide him with immediate release, the relief he seeks, dismissal of this claim is appropriate as moot. *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987); *McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978).

The remainder of Salas's claims are unexhausted in state court. Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[1]; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).

---

[1]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

(continued...)

2

A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or, as in this instance, a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure.² *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2005); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). This requires that the state court be given a fair opportunity to pass on the claims, which in turn requires that the applicant present his claims in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

---

¹(...continued)
    (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —

     (A) the applicant has exhausted the remedies available in the courts of the State; or

     (B)(i) there is an absence of available State corrective process; or

     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
       .  .  .

    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

²Under Texas Law, following a judgment of conviction or other appealable order, a defendant has thirty days to file a timely notice of appeal. Salas does not indicate in his petition that he appealed the order placing him on deferred adjudication community supervision nor does the Texas Judicial website reflect that Salas has filed a direct appeal.

3

The record reflects that Salas has not exhausted his state court remedies in a procedurally correct manner with respect to his remaining claims. Because the state court has not been afforded a fair opportunity to consider the merits Salas of the claims, the claims are unexhausted for purposes of federal habeas review. Salas must first pursue his state habeas corpus remedies before seeking relief under § 2254. Absent a showing that state remedies are inadequate, such showing not having been demonstrated by Salas, he cannot now proceed in federal court in habeas corpus. Accordingly, dismissal of his remaining claims is warranted so that Salas can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[3]

## II. RECOMMENDATION

It is recommended that Anderson's motion to dismiss be granted to the extent Salas's ground one be dismissed as moot. Grounds two through four should be dismissed for lack of exhaustion. Any pending motions not previously ruled upon should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 30, 2009. In order to be specific, an objection must identify the

---

[3] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 30, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 31, 2009.

      /s/ Charles Bleil
    CHARLES BLEIL
    UNITED STATES MAGISTRATE JUDGE